IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CAROLYN BENSON )
)
v. ) NO. 3:18-0010
)
WALDEN SECURITY )

**TO:** Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered January 19, 2018 (Docket Entry No. 4), this *pro se* case was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 (b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is the motion for summary judgment (Docket Entry No. 10) of Defendant Metropolitan Security Services, Inc. d/b/a Walden Security, to which Plaintiff has responded in opposition. *See* Docket Entry No. 14. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Carolyn Benson ("Plaintiff") is a former employee of Metropolitan Security Services, Inc., d/b/a Walden Security ("Walden" or "Defendant").[1] Defendant is a company that contracts to provide security services to commercial and governmental clients. On January 4, 2018, Plaintiff filed this *pro se* and *in forma pauperis* lawsuit against Walden seeking relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), based upon events that occurred during her employment in Nashville, Tennessee.

In a pleading that contains very few factual allegations, Plaintiff alleges discrimination because of her sex and that Defendant "failed to employ Plaintiff," "terminated Plaintiff's

---

[1]Although Plaintiff named Walden Security in her complaint, Defendant states in its motion its correct business name. *See* Docket Entry No. 10 at 1.

employment," and "retaliated against Plaintiff for having filed a charge of discrimination." *See* Complaint (Docket Entry No. 1) at 3. She alleges "demotion, retaliation, sexual misconduct" and that she suffered unspecified discrimination because of complaints she made against her supervisor "for harassment" and against a co-worker for "sexual misconduct." *Id*. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in July 2016 and received a right-to-sue letter in October 2017. *See* Docket Entry No. 1-1. After Defendant filed an answer to the complaint, the Court entered a scheduling order setting out a period for pretrial activity in the case. *See* Docket Entry Nos. 7 and 8.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendant moves for summary judgment on all claims under Rule 56 of the Federal Rules of Civil Procedure. Defendant contends that there is no factual support for any claim that Plaintiff was discriminated against due to her gender, that she was subjected to sexual harassment or a hostile workplace, or that she was retaliated against for engaging in protected activity. In support of its motion, Defendant relies upon: (1) excerpts from Plaintiff's deposition transcript and exhibits thereto (Docket Entry No. 11-1); (2) the declaration of Ben Davis and exhibits thereto (Docket Entry No. 11-2); (3) the declaration of Paige Crumbliss and exhibits thereto (Docket Entry No. 11-3); (4) the declaration of Joe Bridges and exhibits thereto (Docket Entry No. 11-4); and, (5) the declaration of George Boggess and exhibits thereto (Docket Entry No. 11-5).

Defendant asserts that Plaintiff began working for Walden in October 2014 as a security officer at the Tennessee Tower building. *See* Defendant's Statement of Undisputed Facts at ¶ 1. Defendant contends that Plaintiff's work performance began to decline in the summer of 2016 while she was working as a second shift supervising officer, specifically as it pertains to her failure to conduct required security checkpoint patrols at the Tennessee Tower that were called "Deggy Tours." *Id*. at ¶¶ 13-14 and 17. Although George Boggess, Walden's Site Supervisor at the Tennessee Tower, spoke with Plaintiff about the necessity of conducting the Deggy Tours, Plaintiff's work performance did not improve and, on June 28, 2016, Jimmy Lovelace, the Facility Manager for Jones Lang

2

LaSalle, the property management company for the Tennessee Tower, sent an e-mail to Walden requesting that both Plaintiff and a male security officer who worked the third shift at the Tennessee Tower be replaced immediately because of their failures to perform the Deggy Tours. *Id.* at ¶¶ 17-18; Declaration of Boggess at ¶¶ 13-14. Both employees were promptly removed from their positions at the Tennessee Tower. *See* Statement of Undisputed Facts at ¶ 18. On June 29, 2016, Joe Bridges ("Bridges"), Walden's Security Operations Manager, spoke with Plaintiff about being reassigned to a position at another location, but Plaintiff was not offered the position because Bridges felt that Plaintiff was rude to him about the matter. *Id.* at ¶ 19; Declaration of Bridges at ¶¶ 8-11. Plaintiff was thereafter terminated on September 9, 2016, after not being assigned to another position with Walden. *See* Statement of Undisputed Facts at ¶¶ 20-22.

Defendant contends that Plaintiff's allegations of sexual harassment and a hostile workplace were clarified during her deposition and that she identified two incidents as the basis for this claim. The first incident occurred on September 2015, when a male co-worker said words to her to the effect of "you don't have to back up, it's not like I'm trying to stick my tongue down your throat." *Id.* at ¶ 4. After Plaintiff complained to her supervisors about the incident, a human resources investigation occurred which resulted in the co-worker receiving a written warning and being moved to a different job site away from Plaintiff. *Id.* at ¶¶ 5 and 6. The second incident occurred on or about June 23, 2016, when Plaintiff alleges that Walden Project manager Ben Davis ("Davis") spoke to her in a loud and threatening manner during a telephone conversation about work matters. *Id.* at ¶ 15. After Plaintiff complained about the matter, Ms. Crumbliss spoke to both Plaintiff and Davis but determined that no further action was necessary. *Id.* at ¶ 15; Crumbliss Declaration at ¶¶ 10-13.

Defendant asserts that Plaintiff was removed from Tennessee Tower and ultimately terminated from employment because she failed to satisfactorily fulfill her work duties, a reason that is a legitimate and non-discriminatory basis for the challenged employment action. Defendant further asserts that the similar treatment of a male employee in the same job position as Plaintiff negates any inference of disparate treatment against Plaintiff on account of her gender. Defendant contends that

3

Plaintiff lacks evidence supporting a claim that the challenged employment action was a form of retaliation against her because she engaged in protected activity and also lacks evidence that supports a hostile workplace or sexual harassment claim. Moreover, Defendant contends that Plaintiff cannot establish employer liability against Walden because it investigated Plaintiff's allegations about the comments made to Plaintiff by a co-worker and took steps to remedy the matter.

Plaintiff's response to the motion is a 46 page filing that consists of copies of documents and e-mails concerning her employment with Walden and the EEOC Charge that she filed. *See* Response (Docket Entry No. 14). However, the response does not refer to the significance of any particular document, contains no actual arguments, and does not offer any type of legal or factual response to Defendant's motion. Additionally, Plaintiff has not responded to Defendant's statement of undisputed material facts.

In a reply to the response, Defendant asserts that Plaintiff's response is untimely[2] and that Plaintiff has not submitted a response to Defendant's statement of undisputed material facts. Further, Defendant contends that Plaintiff does not offer any actual arguments against the motion for summary judgment and that the random assortment of unexplained documents does not constitute a proper response and does not show the existence of genuine issues of material fact. *See* Reply (Docket Entry No. 15).

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary

---

[2] By Order entered July 5, 2018 (Docket Entry No. 14), Plaintiff was given a deadline of August 13, 2018, to file her response to the motion for summary judgment. Her response was not filed until August 22, 2018.

judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The moving party has the burden of showing the absence of genuine factual disputes. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

### IV. ANALYSIS

#### A. Sufficiency of Plaintiff's Response

Plaintiff's response is generally inadequate in terms of responding to the motion for summary judgment. Although the Court recognizes that Plaintiff's *pro se* status affords some measure of leniency in review of her filings, her *pro se* status does not relieve her of the basic obligation to respond directly to the motion for summary judgment and to show that genuine issues of material fact exist which require that the action proceed to trial. That is the basic requirement for all non-moving parties when summary judgment is sought by one of the parties. *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

Merely filing copies of documents with the Court does not satisfy this obligation. The Court is not obligated to sift through the entire record on behalf of Plaintiff to identify the importance of any document and to determine whether or not a material factual dispute exists. *Street v. J.C. Bradford*

5

& Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). It is also not the duty of the Court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992).

In its motion for summary judgment, Defendant specifically pointed out what it believes to be the legal deficiencies in Plaintiff's case and it is Plaintiff's burden to rebut these arguments and support her claims. However, Plaintiff did not address any of the actual arguments for dismissal raised by the Defendant. Additionally, because Plaintiff did not respond to Defendant's statement of undisputed facts, the asserted facts are "deemed undisputed for the purposes of summary judgment." Local Rule 56.01(f). Accordingly, the Court may rely upon the facts set forth by Defendant as the undisputed evidence.

### B. Title VII

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Title VII also "affords employees the right to work in an environment free from discriminatory intimidation, ridicule, and insult," and thus prohibits conduct that is "sufficiently severe or pervasive [as] to alter the conditions of the victim's employment and create an abusive working environment." *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 65, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). Finally, Title VII's anti-retaliation provision provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a).

A claim under Title VII must be supported by direct evidence of unlawful conduct or by circumstantial evidence that raises an inference of unlawful conduct. *Johnson v. Kroger Co.*, 319 F.3d 858, 864-65 (6th Cir. 2003). Direct evidence, if believed, requires no inferences to conclude that unlawful conduct was a motivating factor in the challenged action. *Abbott v. Crown Motor Co.*, 348 F.3d 537, 542 (6th Cir. 2003). If the plaintiff relies upon circumstantial evidence, the Court utilizes the burden shifting paradigm established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this framework, the plaintiff is first required to establish a *prima facie* case of unlawful conduct and, if that is done, the burden of production shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the challenged conduct. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). If the defendant articulates such a reason, the presumption drops from the case, and the plaintiff must then show that the reason offered by the defendant is a pretext for unlawful conduct. *Id*. at 508. Whatever method of proof is used, the ultimate burden is on the plaintiff to show that he or she suffered unlawful conduct under Title VII. *Id.* at 518.

## C. Plaintiff's Claims

Summary judgment should be granted to Defendant on each of Plaintiff's Title VII claims. Even when the evidence before the Court is viewed in the light most favorable to Plaintiff, no reasonable jury could find in favor of Plaintiff on any of her claims because there is a fatal lack of supporting evidence for the claims. Any issues of fact that exist do not rise to the level of genuine issues of material fact that require the case to proceed to trial for resolution.

Plaintiff alleges that she was both discriminated against because of her gender and retaliated against because of engaging in protected conduct when Defendant removed her from the Tennessee Tower position and ultimately terminated her employment. But, Plaintiff offers no direct evidence supporting these two claims, and her claims fail under the burden shifting analysis.

Initially, the Court notes Plaintiff has not shown how she was treated differently from similarly situated male employees and the undisputed evidence actually shows that a male security

7

officer who was similarly situated with Plaintiff was treated the same as Plaintiff by also being removed from working at the Tennessee Tower. Such evidence weighs against Plaintiff's showing of a *prima facie* case of gender discrimination.

Nor has Plaintiff shown how she satisfies the *prima facie* showing required for a retaliation claim. *See Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 345 (6th Cir. 2008). Morever, even if the Court assumes that Plaintiff is able to show a *prima facie* case for these two claims, Defendant sets forth a legitimate, non-discriminatory and non-retaliatory reason for the challenged employment actions it took with respect to Plaintiff; namely, that Plaintiff was not satisfactorily performing her required job duties and for that reason Walden chose not to reassign her to another position. It is Plaintiff's burden to show that this reason was a pretext for unlawful conduct. She makes no attempt to meet this burden.

Plaintiff's claim that she was subjected to unlawful sexual harassment and a hostile workplace likewise suffers from a lack of supporting evidence. The single instance when a male co-worker made an objectionable comment to Plaintiff simply fails to rise to the level of severity necessary to support a claim that she was subjected to a hostile work environment. Such a claim requires evidence that Plaintiff's workplace was permeated with intimidation, ridicule, and insult that was based on her gender and so severe and pervasive that it altered the conditions of Plaintiff's employment. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78, 81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Barrett v. Whirlpool Co.*, 556 F.3d 502, 515 (6th Cir. 2009). Evidence satisfying this standard is not present in this case. Additionally, the undisputed evidence shows that Defendant took prompt corrective action when alerted by Plaintiff about the co-worker's conduct. Such evidence negates liability under Ttitle VII against Walden for this incident. *See Fox v. Yates Servs., LLC*, 232 F.Supp.3d 971, 979 (M.D. Tenn. 2017), *aff'd* 2017 WL 5466657 (6th Cir. Oct. 31, 2017).

To the extent that Plaintiff's claim is based upon what she perceived to be harassment from her supervisor during a phone call, a hostile workplace claim cannot be predicated upon evidence of

mere conflict, dissension, or turmoil in the workplace. Although Plaintiff may have been talked to harshly by her supervisor on one occasion, this does not show that she was subjected to an unlawful hostile work environment. *See Nichols v. Snow*, 2006 WL 167708 at *11 (M.D. Tenn. Jan. 23, 2006) (Nixon, J). Title VII simply does "not guarantee a utopian workplace, or even a pleasant one," *Vore v. Indiana Bell Tel. Co., Inc.*, 32 F.3d 1161, 1162 (7th Cir. 1994), and Title VII is not intended to redress general employee dissatisfaction or to remedy every workplace dispute. There is no evidence upon which a reasonable jury could find that Plaintiff suffered a hostile workplace while working for Defendant.

## R E C O M M E N D A T I O N

For the reasons set out above, the undersigned Magistrate Judge respectfully RECOMMENDS that Defendant's motion for summary judgment (Docket Entry No. 10) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge