**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CAROLYN BENSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:18-cv-0010** |
| | ) | **Judge Aleta A. Trauger** |
| **WALDEN SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff Carolyn Benson filed a *pro se* Complaint (Doc. No. 1) that the court construed as asserting colorable claims against her former employer, Walden Security,[1] for retaliation and discrimination in violation of Title VII of the Civil Rights Act of 1964. Now before the court are the plaintiff's Objections (Doc. No. 17) to the magistrate judge's Report and Recommendation ("R&R") (Doc. No. 16), recommending that the defendant's Motion for Summary Judgment (Doc. No. 10) be granted and that this action be dismissed. The defendant has filed a Response to the objections. (Doc. No. 18.) For the reasons set forth herein, the court will overrule the objections, grant the Motion for Summary Judgment, and dismiss this case.

## I.    Procedural Background

The plaintiff filed suit on January 4, 2018. On initial review of the Complaint, the undersigned dismissed the claims against the plaintiff's individual supervisors but allowed the claims against the plaintiff's former employer to proceed. The case was referred to the magistrate

---

[1] The defendant has identified its actual name as Metropolitan Security Services, Inc. d/b/a Walden Security. (Doc. No. 10, at 1.)

judge to enter a scheduling order for the management of the case and to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B). (Doc. No. 4.)

Defendant Walden filed its Motion for Summary Judgment on June 25, 2018, along with a supporting Memorandum, numerous declarations and exhibits, excerpts from the plaintiff's deposition, and a Statement of Undisputed Material Facts. (Doc. Nos. 10–12.) In its motion, the defendant argues that the claims against it fail because the plaintiff cannot establish a *prima facie* case of discrimination, hostile work environment, or retaliation under Title VII. The magistrate judge entered an order on July 5, 2018 giving the plaintiff until August 13, 2018 to respond to the motion. (Doc. No. 13.)

The plaintiff responded to the motion by filing a 47-page document on August 22, 2018, the first page of which states: "Responding to the Motion for Summary Judgments. (1) Documents supporting Case # 3:18-cv-00010." (Doc. No. 14, at 1.) The remaining 46 pages consist of copies of documents and e-mails concerning the plaintiff's employment with Walden and her EEOC Charge. (*Id.* at 2–47.) The response does not contain actual argument and does not offer any type of legal or factual response to the defendant's motion or statement of facts.

Following this filing, the magistrate judge issued the R&R, recommending that the defendant's motion be granted. Because the plaintiff did not respond to the defendant's Statement of Undisputed Material Facts, the magistrate judge concluded that the facts asserted therein, all supported by citations to evidence in the record, should be "deemed undisputed for purposes of summary judgment," under Local Rule 56.01(f). After summarizing the governing law and the undisputed facts, the magistrate judge found that the plaintiff failed to establish a *prima facie* case of discrimination, retaliation, sexual harassment, or hostile work environment and that, even if she could establish a *prima facie* case of discrimination or retaliation, she failed

to rebut the defendant's legitimate non-discriminatory and non-retaliatory reason for its actions. The magistrate judge therefore recommends that the defendant's Motion for Summary Judgment be granted.

The R&R notified the parties that any objections to the R&R "must state with particularity the specific portions of [the R&R] to which objection is made." (Doc. No. 16, at 9 (citing Fed. R. Civ. P. 72(b)(2)).) The plaintiff filed timely Objections to the R&R. (Doc. No. 17.) The only specific objection contained therein is an objection to the magistrate judge's finding that her response to the Motion for Summary Judgment was untimely. The plaintiff insists that her response was timely, because it was mailed via priority mail on August 13, 2018. Regardless of whether the filing was timely,[2] the magistrate judge's recommendation that summary judgment be granted in favor of the defendant was not premised upon a finding that the plaintiff failed to file a timely response; the magistrate judge considered the response in her ruling. This objection is therefore without merit.

The remainder of the document does not actually respond to or address the findings of fact or conclusions of law set forth in the R&R. Instead, the plaintiff points to some of the evidence in the record, presumably in support of an (unarticulated) argument that material factual disputes preclude summary judgment. Specifically, she states that (1) she received a phone call from Ben Davis on June 28, 2016, telling her not to report to work until she heard from the corporate office; (2) she was demoted by Paige Crumbliss, and Crumbliss's statement to the EEOC investigator that she "did not know" whether the plaintiff had been demoted is

---

[2] The plaintiff's response was due August 13, 2018. The plaintiff asserts that she mailed her response on that date, but mailing papers does not constitute filing. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 604–05 (7th Cir .2006). Rather, "[i]f mailed, the filing is accomplished only when actually received by the clerk or when placed in the clerk's post office box. *Torras Herreria y Construcciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir. 1986).

contradicted by emails in the record (citing "Attachment A," which consists of an email from Crumbliss stating that the plaintiff would be reassigned to a non-supervisory position at a lower rate of pay, Doc. No. 17, at 6); (3) Joe Bridges' statement that he was trying to reach the plaintiff regarding placement in a different position is contradicted by evidence in the record (citing "Attachment B," which consists of an email from Bridges to Crumbliss stating that the plaintiff contacted the company and Bridges agreed to talk with her about an open position, not that he was trying to reach her, and an excerpt from the defendant's motion papers, stating that "Mr. Bridges called Plaintiff . . . to discuss a security officer position," *id.* at 7, 9); (4) the Regional Manager sent out an email instruction to Crumbliss, Bridges, and others that she was to be given another opportunity, but they did not adhere to this directive; and (5) the plaintiff was demoted after reporting a comment by Jeff Swendell about his "sticking [his] tongue down [her] throat." (Doc. No. 17, at 2.) Attached to the Objections are twenty-four pages of exhibits, some of which were attached to the plaintiff's "Response" to the Motion for Summary Judgment and some of which were not. Some of these documents have handwritten annotations on them, signaling the plaintiff's belief that they contradict, or are contradicted by, other evidence in the record. (*See, e.g.*, Doc. No. 17, at 19 ("Ben Davis Inconsistencies!").)

## II.    Standard of Review

Within fourteen days after being served with a report and recommendation any "party may serve and file *specific* written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge

with instructions." *Id.*

The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (*see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate for consideration are deemed waived. *Becker v. Clermont Cty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

## III.    Analysis

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The plaintiff's failure to respond substantively to the Motion for Summary Judgment and her failure to lodge clear, specific objections to the R&R are not absolved by her *pro se* status.

The court interprets the plaintiff's Objections as a belated response to the defendant's Motion for Summary Judgment, as general objections to the magistrate judge's adoption of the defendant's Statement of Material Facts as undisputed, and as a very general objection to the recommendation that the defendant's motion be granted. Insofar as the plaintiff's Objections may be interpreted as an argument that material factual disputes preclude summary judgment, the plaintiff waived this argument by not presenting it to the magistrate judge. *Murr*, 200 F.3d at 902 n.1. To the extent the Objections might be considered a general objection to the recommendation that the Motion for Summary Judgment be granted, the objections are not sufficiently specific to warrant review. *Langley*, 502 F.3d at 483; *Cole*, 7 F. App'x at 356; *Howard*, 932 F.2d at 509.

The court has nonetheless reviewed the Complaint, the Motion for Summary Judgment and all supporting documents, and the R&R, and detects no error of fact or law in the latter. The plaintiff's Objections, which address only non-material facts, are without merit.

## IV.  Conclusion and Order

The plaintiff's objections (Doc. No. 17) are **OVERRULED**, and the R&R (Doc. No. 16) is **ACCEPTED** and **ADOPTED** in its entirety as the court's findings of fact and conclusions of law. For the reasons stated therein, the defendants' Motion for Summary Judgment (Doc. No. 10) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

This is the final order in this case, for purposes of Fed. R. Civ. P. 58.

It is so **ORDERED**.

ENTER this 4th day of December 2018.

ALETA A. TRAUGER
United States District Judge